## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREA UBALDI, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br><br>-against-<br><br>ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC, and JOHN DOES 1-25<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

### LOCAL CIVIL RULE 10.1 STATEMENT

1.      The mailing addresses of the parties to this action are:

ANDREA UBALDI
5 Dawson Terrace
Livingston, New Jersey 07039

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC
130 Clinton Road, Suite 202
Fairfield, New Jersey 07004

### PRELIMINARY STATEMENT

2.      Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that the Defendant, ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC ("RAS LAW") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Essex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      RAS LAW maintains an office at 130 Clinton Road, Suite 202, Fairfield, New Jersey 07004.

8.      RAS LAW uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.      RAS LAW is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.      John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Classes are initially defined as:

> CLASS A - All New Jersey consumers who were sent initial letters and/or notices from RAS LAW (*See* **Exhibit A)**, which included the alleged conduct and practices described herein.

> CLASS B - All New Jersey consumers who were sent initial letters and/or notices from RAS LAW (*See* **Exhibit A & B)** and a Notice of Intention to Foreclose, which included the alleged conduct and practices described herein.

> The class definition may be subsequently modified or refined.

> The Class period begins one year prior to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> a.     Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a

standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A & B**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  i. Whether the Defendants violated various provisions of the FDCPA;

  ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.　A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.　A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.　Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.　Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.　At some time prior to November 22, 2021, Plaintiff allegedly incurred a financial obligation to WELLS FARGO BANK, NATIONAL ASSOCIATION ("WELLS FARGO BANK").

19.　Plaintiff allegedly incurred the WELLS FARGO BANK obligation in connection with a residential mortgage.

20.　The WELLS FARGO BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21.     Plaintiff incurred the WELLS FARGO BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22.     The WELLS FARGO BANK obligation did not arise out of a transaction that was for non-personal use.

23.     The WELLS FARGO BANK obligation did not arise out of a transaction that was for business use.

24.     The WELLS FARGO BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     WELLS FARGO BANK and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26.     On or before November 22, 2021, the WELLS FARGO BANK obligation was referred to RAS LAW for the purpose of collection.

27.     At the time the WELLS FARGO BANK obligation was referred to RAS LAW the WELLS FARGO BANK obligation was in default.

28.     Defendants caused to be delivered to Plaintiff a 2-page letter dated November 22, 2021, which was addressed to Plaintiff on the WELLS FARGO BANK obligation.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

29.     The November 22, 2021 letter was sent to Plaintiff in connection with the collection of the WELLS FARGO BANK obligation.

30.     The November 22, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31.     The November 22, 2021 letter was the initial written communication that Plaintiff received from Defendant.

32.    The November 22, 2021 letter was not mailed out by Defendant on that day.

33.    The November 22, 2021 letter was not received on November 22.

34.    Upon receipt, Plaintiff read the November 22, 2021 letter.

35.    The November 22, 2021 letter stated that the amount due as of the date of the letter was $922,565.79.

36.    The November 22, 2021 letter identified the creditor to whom the debt is currently owed as WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1.

37.    WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 is not the current creditor of the WELLS FARGO obligation.

38.    The November 22, 2021 letter stated in part:

Please be advised that this notice is being sent to you pursuant to the requirements of federal authority.

39.    The November 22, 2021 letter also stated in part:

Interest and other items will continue to accrue. Your creditor is WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1.

40.    Defendant did not provide any information regarding how the amount of debt was calculated.

41.    Defendant did not provide any details about the interest that was continuing to accrue on the WELLS FARGO BANK obligation.

42.    Defendant did not provide any details about the "other items" such as the nature of these charges, the frequency of these charges or the amounts of these "other items" that will continue to accrue on the WELLS FARGO BANK obligation.

43.    On the reverse of the November 22, 2021 letter, it stated in part:

> **Unless you dispute the validity of the debt, or any portion thereof, in writing, within 30 days after receipt of this notice, the debt will be assumed to be valid by our firm**. If you dispute the debt in writing or any portion thereof within the thirty (30) day period, we will obtain and provide you with verification of the debt or a copy of the judgment and a copy of such verification or judgment will be sent to you by mail. Upon your written request, our office will provide you with the name and address of the original creditor, if different from the current creditor.

44.    Defendant's letter requires that all disputes made by Plaintiff and others similarly situated be made in writing rather than being made verbally.

45.    A consumer is permitted under the FDCPA to make a dispute to a debt collector over the telephone, including among other things, notifying the debt collector that the consumer is the victim of identity theft.

46.    Defendants caused to be delivered to Plaintiff a 4-page letter dated November 23, 2021, which was addressed to Plaintiff on the WELLS FARGO BANK obligation. A copy of said letter is annexed hereto as **Exhibit B**, which is fully incorporated herein by reference.

47.    Plaintiff received Defendant's November 23, 2021 letter contemporaneously with receipt of Defendant's November 22, 2021 letter.

48.    The November 23, 2021 letter was not mailed out by Defendant on that day.

49.    The November 23, 2021 letter was not received on November 23.

50.    The November 23, 2021 letter identified WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 as the lender and not as a creditor.

51.     The November 23, 2021 letter identified Nationstar Mortgage LLC d/b/a Mr. Cooper as the servicer of the WELLS FARGO obligation.

52.     According to the November 23, 2021 letter, the present principal balance that Plaintiff owed was $752,737.57.

53.     On the reverse of the November 23, 2021 letter, Defendant stated:

2.  Your mortgage is in serious default because you have not made the required payments. The total amount now required to cure this default, in other words, the amount required to bring your mortgage current to November 23, 2021 is as follows:

| Monthly Payments missed: | |
|---|---|
| Principle and Interest Payments From 02/01/2019 to 11/01/2021 | $126,945.46 |
| Escrow Payments Due | $80,759.15 |
| **Late Charges** | |
| Accrued Late Charges | $3,546.92 |
| **Other Charges** | |
| Property Inspections | $180.00 |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | **$211,431.23** |

54.     Thus, Defendant provided Plaintiff with 3 different amounts due on the WELLS FARGO obligation: the November 22nd letter - $922,565.79 and the November 23rd letter - $752,737.57 and $211,431.23.

55.     According to Defendant's November 23, 2021 letter, Plaintiff was required to make a payment of $211,431.23 by no later than December 23, 2021.

56.     This demand for payment by Defendant required Plaintiff to make her payment within 30 days of receipt of either the November 22 letter or the November 23 letter.

57.     On the reverse of the November 22, 2021 letter, it also stated in part:

If this is the first notice that you have received from this office be advised that: You may dispute the validity of the debt or any portion thereof. If you do so in writing within thirty (30) days from receipt of this letter, this firm will obtain and provide you with written verification thereof; otherwise, the debt will be assumed to be valid. Likewise, if you requested within thirty (30) days from receipt of this letter, the firm will send you the name and address of the original creditor if different from above.

58.    Defendant's letter requires that all disputes made by Plaintiff and others similarly situated be made in writing rather than being made verbally.

59.    A consumer is permitted under the FDCPA to make a dispute to a debt collector over the telephone, including among other things, notifying the debt collector that the consumer is the victim of identity theft.

60.    RAS LAW knew or should have known that its actions violated the FDCPA.

61.    Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

**POLICIES AND PRACTICES COMPLAINED OF**

62.    It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A** and **Exhibit B**, which violate the FDCPA, by *inter alia*:

    (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    Failing to provide the notices required under the FDCPA; and

    (c)    Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

63.    Defendants have sent written communications in the form annexed hereto as **Exhibit A** and **Exhibit B**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

64.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

65.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

66.     Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

67.     Defendant's letters would cause the least sophisticated consumer to believe that all disputes to the debt collector had to be reduced to a written communication.

68.     Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

69.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

70.     As described herein, Defendants violated 15 U.S.C. § 1692e; § 1692e(1); § 1692e(2)(A); § 1692e(9) and § 1692e(10).

71.     Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

72.     Defendants' violated 15 U.S.C. § 1692f as its conduct described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

73.     15 U.S.C. § 1692g(a)(1) of the FDCPA requires that the debt collector effectively convey the amount of the debt.

74.     As described herein, Defendants violated 15 U.S.C. § 1692g(a)(1).

75.    Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to itemize the components that comprised the amount of the debt.

76.    Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to provide a itemization of the obligation by principal, interest, attorney fees, other charges and/or credits.

77.    Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to effectively convey the amount of the debt.

78.    Defendants violated 15 U.S.C. § 1692g(a)(1) by providing Plaintiff with multiple, different amounts.

79.    As described herein, Defendants violated 15 U.S.C. § 1692g(a)(2).

80.    Defendant violated the FDCPA by overshadowing and/or contradicting the notice mandated by 15 U.S.C. § 1692g(a)(3).

81.    The November 22, 2021 letter fails to properly inform the least sophisticated consumer of his or her rights as mandated by 15 U.S.C. § 1692g(a)(3).

82.    Defendant violated the FDCPA by requiring that all disputes be in writing even though 15 U.S.C. § 1692g(a)(3) does not require a written dispute.

83.    As described herein, Defendants violated 15 U.S.C. § 1692g(b).

84.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

85.    Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

86.    Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

87.    Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

88.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

89.    Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: December 1, 2021                          Respectfully submitted,

                              By:    _s/ Joseph K. Jones_____
                                      Joseph K. Jones, Esq. (JJ5509)
                                      JONES, WOLF & KAPASI, LLC
                                      375 Passaic Avenue
                                      Fairfield, New Jersey 07004
                                      (973) 227-5900 telephone
                                      (973) 244-0019 facsimile

                                      *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

Dated: December 1, 2021                    Respectfully submitted,

By:    *s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile

*Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court,

arbitration or administrative proceeding.

Dated: December 1, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
*Attorneys for Plaintiff*

# EXHIBIT

# A



## RAS

**ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC**

L A W   O F F I C E S
*A professional limited liability company organized in the State of Florida*

Richard Citron, Esq.
Managing Partner, NJ and PA Offices
Admitted in PA, NJ and NY

130 Clinton Road, Suite 202
Fairfield, NJ 07004
Phone: 973-575-0707
Fax: 973-404-8886
www.raslegalgroup.com

James Robertson, Esq.
deceased
Everett Anschutz, Esq. TX Bar
David J. Schneid, Esq. FL Bar
John T. Crane, Esq. GA, and
TX Bar

November 22, 2021

ANDREA M UBALDI A/K/A ANDREA UBALDI

█████████████

RE:  Loan Number: XXXXXXX482
Mortgaged Premises: 5 DAWSON TERR, LIVINGSTON, NJ 07039
Servicer: Nationstar Mortgage LLC d/b/a Mr. Cooper
Creditor: WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE
FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1

Dear Sir or Madam,

Please be advised that this notice is being sent to you pursuant to the requirements of federal authority. Robertson, Anschutz, Schneid, Crane & Partners, PLLC is a debt collector attempting to collect a debt. Any information we obtain will be used for that purpose. If you have previously received a discharge in bankruptcy, this correspondence is not and should not be construed to be an attempt to collect a debt, but only enforcement of a lien against the property. Under New Jersey law, a state court foreclosure action only results in a judgment fixing the amount due on the mortgage and allowing a sale of the property and termination of your right of redemption, rather than a personal money judgment.

The amount of the debt as of November 22, 2021 is $922,565.79

Interest and other items will continue to accrue. Your creditor is WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1.





20-076099 - MoF

**Unless you dispute the validity of the debt, or any portion thereof, in writing, within 30 days after receipt of this notice, the debt will be assumed to be valid by our firm**.  If you dispute the debt in writing or any portion thereof within the thirty (30) day period, we will obtain and provide you with verification of the debt or a copy of the judgment and a copy of such verification or judgment will be sent to you by mail.  Upon your written request, our office will provide you with the name and address of the original creditor, if different from the current creditor.

The law does not require us to wait until the end of the thirty (30) day period before commencing foreclosure action.  If, however, you request proof of the debt or the name and address of the original creditor in writing within the thirty (30) day period that begins with your receipt of the letter, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

If you have received a Chapter 7 discharge under the Bankruptcy Code of the United States, or if your mortgage is the type which has been discharged pursuant to a completed Chapter 11, Chapter 12, or Chapter 13 plan, this letter is not intended, and does not constitute, an attempt to collect a debt against you personally. As such, if you have received a discharge under any Chapter of the Bankruptcy Code of the United States, this is not an attempt to assert that you have any personal liability for this debt.

In addition, if you have a pending bankruptcy case, and the premises are subject to a bankruptcy stay, this letter has been sent to you because Robertson, Anschutz, Schneid, Crane & Partners, PLLC, may not have been notified of your bankruptcy case. If you have a pending bankruptcy case, and the premises are subject to a bankruptcy stay, it is important that your attorney, or you, if you have no attorney, contact us immediately and provide us with notice of your bankruptcy case.

Written requests, disputes or notifications should be addressed to:
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
ATTN:  Fair Debt Collection Clerk
130 Clinton Road, Suite 202
Fairfield, NJ 07004

Sincerely,

Robertson, Anschutz, Schneid, Crane & Partners, PLLC
*A Florida Professional Limited Liability Company*

# EXHIBIT

# B



**ROBERTSON, ANSCHUTZ, SCHNEID,**
**CRANE & PARTNERS, PLLC**
L A W   O F F I C E S
*A professional limited liability company organized in the*
*State of Florida*
130 Clinton Road, Suite 202
Fairfield, NJ 07004
Phone: 973-575-0707
Fax: 973-404-8886
www.raslegalgroup.com

Richard Citron, Esq.
Managing Partner, NJ and PA Offices
Admitted in PA, NJ and NY

James Robertson, Esq.
deceased
Everett Anschutz, Esq. TX
Bar David J. Schneid, Esq. FL
Bar John T. Crane, Esq. GA,
and TX Bar

File Number: 20-076099 - MoF

November 23, 2021

ANDREA M UBALDI A/K/A ANDREA

███████████████████

Via Certified Mail:70210950000095961949

Re:    Property Address: 5 DAWSON TERR LIVINGSTON, NJ 07039
       Loan No.:██████6482

## <u>NOTICE OF INTENTION TO FORECLOSE</u>

Your lender, WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE
FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2007-1 located at 8950 Cypress Waters Blvd.,
Coppell, TX 75019 holds the Mortgage, dated December 14, 2006, for $650,000.00, on your
property located at 5 DAWSON TERR LIVINGSTON, NJ 07039. The servicer is Nationstar
Mortgage LLC d/b/a Mr. Cooper located at 8950 Cypress Waters Blvd., Coppell, TX 75019.
The present principal balance of the mortgage is $752,737.57.

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT.**
**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
**HOWEVER, IF YOU ARE IN BANKRUPTCY OR IF YOU HAVE PREVIOUSLY**
**RECEIVED A DISCHARGE OF THIS DEBT IN BANKRUPTCY, THIS**
**CORRESPONDENCE IS NOT, AND SHOULD NOT, BE CONSTRUED AS AN**
**ATTEMPT TO COLLECT A DEBT, BUT NOTICE OF POSSIBLE ENFORECEMENT**
**OF A LIEN AGAINST THE COLLATERAL PROPERTY.**

THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED <u>WILL BE USED FOR THAT PURPOSE.</u>

20-076099 - MoF

If this is the first notice that you have received from this office be advised that: You may dispute the validity of the debt or any portion thereof. If you do so in writing within thirty (30) days from receipt of this letter, this firm will obtain and provide you with written verification thereof; otherwise, the debt will be assumed to be valid. Likewise, if you requested within thirty (30) days from receipt of this letter, the firm will send you the name and address of the original creditor if different from above.

**Please be advised of the following:**

1. This letter concerns the mortgage described above.

2. Your mortgage is in serious default because you have not made the required payments. The total amount now required to cure this default, in other words, the amount required to bring your mortgage current to November 23, 2021 is as follows:

| Monthly Payments missed: | |
|---|---|
| Principle and Interest Payments | |
| From 02/01/2019 to 11/01/2021 | $126,945.46 |
| Escrow Payments Due | $80,759.15 |
| **Late Charges** | |
| Accrued Late Charges | $3,546.92 |
| **Other Charges** | |
| Property Inspections | $180.00 |
| **TOTAL YOU MUST PAY TO CURE DEFAULT:** | **$211,431.23** |

3. You have the right to cure the default within THIRTY (30) days of the date of this letter, in other words, the amount to bring your mortgage current must be satisfied by **December 23, 2021.**

4. To cure this default you must pay the amount of $211,431.23 plus any additional monthly payments and late charges which may fall due during the THIRTY (30) day period after the date of this letter.

The payment must be mailed within THIRTY (30) days of the date of this letter to:

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
**130 Clinton Road, Suite 202**
**Fairfield, NJ 07004**
**Attn: Laura Delavera**
**973-575-0707**

The funds submitted for reinstatement must be in the form of <u>cash, certified check</u> or <u>money order</u> only, and must be made payable to:

**Nationstar Mortgage LLC d/b/a Mr. Cooper**

THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED **WILL BE USED FOR THAT PURPOSE.**

20-076099 - MoF

5.  If you do not cure the default within THIRTY (30) days of the date of this letter, Nationstar Mortgage LLC d/b/a Mr. Cooper intends to exercise its right to accelerate the mortgage payments, consider the mortgage in default and initiate foreclosure proceedings on your property.

6.  You have the right to cure your default, and bring your mortgage payments current after the date of expiration of this letter, until the entry of the foreclosure judgment; however, you will be responsible for the court costs and attorney's fees calculated consistent with the rules governing the courts of the State of New Jersey, incurred in the foreclosure proceeding.

7.  Under the terms of Mortgage you do not have the right to transfer the property subject to the mortgage without payment of the mortgage in full at the time of the transfer.

8.  You have the right to an attorney. If you are unable to obtain an attorney or otherwise afford an attorney, you may contact the New Jersey Bar Association for Lawyer Referral Service in the county in which the property is located. Attached to this correspondence is a list of the Legal Services and Legal Aid Offices by county in the State of New Jersey, and a list of the Lawyer Referral Services available in New Jersey.

9.  There may also be financial assistance for curing your default available from organizations operated by the state or federal government, or non-profit organizations. The New Jersey State Commissioner of Banking Promulgates a list of such organizations and a copy of that list is attached hereto. You may contact the Commissioner of Banking at 20 W. State Street, CN-040, and Trenton, New Jersey 08625 or by calling (609) 292-7272. A list of possible sources for assistance is enclosed herewith.

10. You may be entitled to housing counseling, at no cost through the Foreclosure Mediation Program established by the New Jersey Judiciary. You can call 609-278-7508 and ask for the number of a housing counselor in your area certified by the Department of Housing & Urban Development (HUD) or visit the New Jersey Housing and Mortgage Finance Agency (NJHMFA) website at http://www.njhousing.gov. At that time, you may make an appointment to meet with the HUD certified housing counselor who will discuss your financial situation and offer potential options to help you retain your home. The Court's mediation program can be contacted at 609-421-6100 or you can go to the Court's website at htttp://www.njcourts.gov Office of Foreclosure for more information.

11. If you have received a discharge of debt as part of a bankruptcy court proceeding, then the within notice does not constitute, nor is it intended to be, a demand letter for payment, but

THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED **WILL BE USED FOR THAT PURPOSE.**

20-076099 - MoF

rather, is offered for informational purposes only.

12. If the property which is the subject of the mortgage has more than one dwelling unit but less than five, one of which is occupied by the debtor or a member of the debtor's immediate family as the debtor's or member's residence at the time the loan is originated, and is not properly maintained and meets the necessary conditions for receivership eligibility, established pursuant to section 4 of the "Multifamily Housing Preservation and Receivership Act," P.L.2003, c.295 (C.2A:42-117), the residential mortgage lender shall file an order to show cause to appoint a receiver."

13. The lender WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 is exempt from licensing under the New Jersey Residential Mortgage Lending Act.

14. If the Lender takes the steps indicated in paragraph 5, you have the option to participate in the Foreclosure Mediation Program following the filing of a mortgage foreclosure complaint by initiating mediation pursuant to N.J.S.A. 2A:50-77 as set forth in the attached Notice of Mediation Program. Obtaining the assistance of a trained foreclosure prevention and default mitigation counselor is a prerequisite to participation in mediation. You are not required to pay any fees in order to participate in mediation.

(De acuerdo con N.J.S.A., si el Prestamista toma los pasos indicados en el párrafo 5, usted tiene la opción de participar en el Programa de mediación para juicios hipotecarios una vez que se haya presentado una queja por una ejecución hipotecaria al iniciar mediación tal como lo establece 2A:50-77 en el aviso del Programa de mediación. Obtener asistencia de un consejero especializado en prevención de ejecuciones hipotecarias y mitigación por falta de pagos es un requisito previo para participar en la mediación. Usted no está obligado a pagar honorarios para participar en la mediación.)

15. If you do not agree that a default of your mortgage has occurred or you dispute the amount provided for in curing that default, please contact:

**Nationstar Mortgage LLC d/b/a Mr. Cooper**
**8950 Cypress Waters Blvd., Coppell, TX 75019**
**ATTN: Loss Mitigation Department**
**1-888-480-2432**

Sincerely,
**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
*A Florida Professional Limited Liability Company*
130 Clinton Road, Suite 202
Fairfield, NJ 07004
973-575-0707

THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED **WILL BE USED FOR THAT PURPOSE.**

20-076099 - MoF